UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ARMANDO GONZALEZ, JR.,

    Plaintiff,

        v.                        CAUSE NO.: 3:25-CV-552-TLS-AZ

RON NEAL, et al.,

    Defendants.

**OPINION AND ORDER**

Armando Gonzalez, Jr., a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee was not paid. (ECF 4.) Upon review of his response (ECF 5), the case will proceed to screening. He is reminded that he remains obligated to pay the full amount of the fee over time in accordance with 28 U.S.C. § 1915.[1]

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[1] He mentions in his response that the prison is taking 40 percent of the funds deposited to his account to pay filing fees, which he believes to be a violation of the in forma pauperis order requiring 20 percent to be withdrawn. (*See* ECF 3.) However, Gonzalez has filed three cases in this District, and the prison must withdraw 20 percent of his income for *each* lawsuit. *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). In other words, "[a] prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid . . . ." *Id.*

556 U.S. 662, 678 (2009). Because Gonzalez is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Gonzalez is an inmate at Indiana State Prison ("ISP"). He claims that on or about December 4, 2024, he finished his shower and yelled for a correctional officer to escort him back to his cell. For unknown reasons, no one responded for approximately 45 minutes. (ECF 6 at 3.) Officer S. Allen finally responded and appeared angry. The officer allegedly called Gonzalez a "bitch" and "wetback" and threatened to beat him as he escorted Gonzalez back to his cell. (*Id.* at 4.) Once in his cell, Gonzalez put his hands through the "tray slot" so that Officer Allen could remove his handcuffs. (*Id.*) "[W]ithout any reason or warning," Officer Allen allegedly yanked his entire arm through the small slot, leaving his arm a painful "bloody mess." (*Id.* at 4–5.)

Gonzalez claims Lieutenant Livers (first name unknown) became aware of the injury later that day and had Gonzalez taken to the medical unit. When Gonzalez returned from the medical unit, Lieutenant Livers told him he was being put on "strip cell status" for 24 hours at Officer Allen's request. Officer Allen then packed up Gonzelez's belongings and escorted him to a strip cell. While in the strip cell, he had no eating utensils, toilet paper, bedding, or hygiene items for 24 hours.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While de minimis uses of force are not actionable, "a prisoner need not suffer 'serious injury' in order to bring an Eighth Amendment claim." *Id.* at 890–91 (citation omitted).

Here, Gonzalez claims Officer Allen forcefully yanked his arm through a small slot for no reason. The derogatory comments Gonzalez describes and the officer's allegedly angry demeanor suggest that the officer used force in a deliberate effort to cause Gonzalez pain, rather than for legitimate penological reasons. Officer Allen's actions allegedly caused more than de minimis injury, as Gonzalez claims his arm was bleeding, swollen, and painful after this incident. Accepting his allegations as true, he has alleged enough to proceed against Officer Allen on an excessive force claim.

He also sues Officer Allen for allegedly throwing away some of his personal photos and documents when the officer was packing his belongings. Gonzalez has an adequate state post-deprivation remedy available under the Indiana Tort Claims Act to seek compensation for his lost property. *See* Ind. Code § 34-13-3-8 *et seq.* Therefore, he cannot pursue a federal due process claim based on this loss. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see also Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (holding that the Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of personal property).

Gonzalez also sues Lieutenant Livers for placing him in strip cell for 24 hours. Prisoners cannot be subjected to cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994). An Eighth Amendment claim has both an objective and subjective component. *Id.* at 834. The objective component asks whether the alleged deprivation or condition of confinement was serious enough to have resulted in "the denial of the minimal civilized measure of life's necessities." *Id.* (cleaned up). To satisfy the subjective prong, the prisoner must allege that the defendant acted with "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

3

Gonzalez claims he was denied bedding, toilet paper, and hygiene items for one day. No doubt this was uncomfortable, but "conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations." *Pegues v. Rogers*, No. 3:07-CV-93, 2007 WL 951896, at *1 (N.D. Ind. Mar. 27, 2007) (citing *Adams v. Pate*, 445 F.2d 105, 108–09 (7th Cir. 1971)); *see also Harris v. Jones*, No. 20-1625, 2021 WL 4950248, at *2 (7th Cir. Oct. 25, 2021) (finding no Eighth Amendment violation where inmate was deprived of hygiene items for one day); *Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (finding no Eighth Amendment violation where inmate was denied toilet paper for five days and soap, toothbrush, and toothpaste for ten days). Aside from being uncomfortable, there is no indication he suffered a physical injury due to these short-term deprivations. To the extent he is seeking damages for emotional distress, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). He has not alleged a plausible claim on this ground.

Finally, he sues Warden Ron Neal, Deputy Warden Dawn Buss, and Director Pam Baines. In his view, they "should've been aware of every incident that happens inside their facility and housing units." (ECF 1 at 6.) However, there is no *respondeat superior* liability under 42 U.S.C. § 1983, and these officials cannot be held liable for damages solely because of their positions. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Instead, they must have been personally involved in the constitutional violation. *Mitchell*, 895 F.3d at 498. This requirement is satisfied if the constitutional violation occurs at the supervisor's direction or with his or her knowledge or consent. *Id.* There is an insufficient basis in the complaint for the court to plausibly infer that

4

these high-ranking officials had any personal involvement in, directed, or consented to Officer Allen's use of force during this incident. They will be dismissed as defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer S. Allen in his personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment by yanking his arm through a tray slot on or about December 4, 2024;

(2) DISMISSES Ron Neal, Dawn Buss, Pam Baines, and Lt. Livers as defendants;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer S. Allen at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(6) ORDERS Officer Allen to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 27, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT